■ MARTIN WEISS et al., Respondents, v. KNOCKLONG CORP., Appellant.— Action to compel appellant, holder of a tax lien, to accept payment of the amount of the lien, to discharge the lien, and to cancel a deed executed by the County Treasurer and delivered to appellant under the Nassau County Administrative Code. The real property covered by the lien was in the ownership of the two respondents, Weiss and Schwartz, as tenants in common. Notice to satisfy the lien was given by appellant to Weiss. Weiss did not comply; his right to discharge the lien was lost, and the County Treasurer executed and delivered his deed to appellant. No notice was given to Schwartz. Tender of payment of the lien was refused, except that appellant has offered to convey to Schwartz an undivided half interest in the real property upon payment of the amount required to redeem such interest. In this action, the complaint of Weiss was dismissed on preliminary motion, and the order thereon has become conclusive. The action was continued by Schwartz. His motion to strike out parts of the order and for judgment on the pleadings was granted, and interlocutory and final judgments were entered thereon. Judgments unanimously affirmed, insofar as appeal is taken, with $10 costs and disburse-

ments. Under subdivision g of section 5–51.0 of the Nassau County Administrative Code, the satisfaction by Schwartz is effectual to discharge the entire lien. While the effect may be to rehabilitate the interest of Weiss in the real property, notwithstanding that he has lost the right to discharge the lien, the statute does not provide for adjustment of the interests of tenants in common in the realty but for discharge of the lien. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.